IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| K.F. MOSELEY, | ) | CIVIL NO. 10-00255 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S EX |
| | ) | PARTE MOTION TO RESTRAIN |
| vs. | ) | CONGRESSIONAL DEBATE |
| | ) | SCHEDULED FOR TONIGHT; ORDER |
| STATE OF HAWAII, OFFICE OF | ) | STRIKING "PETITION" WITH |
| HAWAIIAN AFFAIRS; KGMB; KHNL; | ) | LEAVE TO FILE A DOCUMENT |
| KFVE; MYNETWORKTV; and DOES | ) | TITLED "AMENDED COMPLAINT" |
| 1-100, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO RESTRAIN CONGRESSIONAL DEBATE SCHEDULED FOR TONIGHT; ORDER STRIKING "PETITION" WITH LEAVE TO FILE A DOCUMENT TITLED "AMENDED COMPLAINT"

I.      INTRODUCTION.

Karl F. Moseley alleges that Moseley is white, religious, over sixty, and trans-sexual and a candidate in the upcoming special election to fill a vacant Hawaii seat in the United States House of Representatives.

Earlier today, Moseley filed a "Petition for Ex Parte Writ of Mandate/Prohibition," asking the court to enjoin tonight's congressional debate sponsored by the State of Hawaii, Office of Hawaiian Affairs.  This debate is scheduled to be televised on KGMB, KHNL, and KFVE.  Moseley alleges that only the three leading candidates have been invited to participate in the debate and that other candidates, including Moseley, are being excluded from participating in the debate.

The court construes Moseley's "petition" as a combined complaint and motion for temporary restraining order. Because Moseley has not met the standard for issuance of an injunction, the court denies the motion to enjoin tonight's debate. The court also strikes Moseley's complaint for failing to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moseley is given leave to file a document titled "Amended Complaint" that sets forth "a short and plain statement" of Moseley's claim(s). That is, in any Amended Complaint, Moseley should allege (in numbered paragraphs) facts that are necessary to support clearly identified claims.

II.     STANDARD.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)). Courts balance the competing claims of injury and consider the effect on each party of granting or denying the

injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.").  Even if a movant demonstrates a likelihood of success on the merits, the requested injunction will not issue when there is only a possibility of irreparable harm or when there is no possibility of irreparable harm.  Winter, 129 S. Ct. at 374-76; Sierra Forest Legacy, 577 F.3d at 1022.

III.    THE MOTION TO ENJOIN THE CONGRESSIONAL DEBATE IS DENIED.

Moseley's motion does not address the necessary prerequisites for enjoining tonight's congressional debate. Moseley does not address, much less establish, whether there is a likelihood of success on the merits, whether there is irreparable harm in the absence of preliminary relief, whether the balance of equities tips in Moseley's favor, or whether an injunction is in the public interest.  At best, Moseley complains about being

excluded from participation in the debate.  However, Moseley does not clearly identify any basis for requiring the sponsors and broadcasters of tonight's congressional debate to include every candidate for office, as opposed to having only the three candidates furthest ahead in the polls.  See Complaint, Ex. 4 (indicating that the invited candidates have between 22 and 37 percent of the popular support and that the remaining eleven candidates, including Moseley, share 13 percent of the popular support).  Because Moseley's ex parte motion does not address the requirements for issuing the requested injunction, the court cannot even begin to evaluate whether Moseley is actually entitled to injunctive relief.  Accordingly, the court determines that Moseley has failed to carry the burden of showing an entitlement to injunctive relief, and the court denies the requested inunction without prejudice.  If Moseley chooses to file a subsequent motion for a temporary restraining order or a preliminary injunction, Moseley is cautioned that the motion must explain and provide the factual and legal bases for such relief.

The court is also unlikely to grant ex parte injunctive relief without a showing as to why ex parte relief is necessary.  The present motion is denied on the additional ground that ex parte relief is unwarranted here.

IV.     THE COMPLAINT IS STRICKEN.

The court has reviewed Moseley's "petition" in connection with the request to enjoin tonight's congressional debate. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court now strikes Moseley's "petition," which the court deems to be a complaint.

Rule 12(f) allows the court to sua sponte strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The court recognizes that striking claims is generally disfavored in the absence of prejudice, see Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 555 (D. Haw. 1998), but strikes Moseley's claims to further the orderly progression of this case. Moseley's "petition" is a single-spaced document that is 21-pages long. The "petition" appears to contain lengthy quotations without source citations and appears to be Moseley's stream of consciousness. It is difficult to decipher and, because its paragraphs are not numbered, would place on any Defendant an enormous burden in answering it or filing an appropriate motion to dismiss. The court strikes the "petition" because it is mostly immaterial and impertinent.

The Supreme Court has noted that "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (citations and internal quotations omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  A plaintiff's pleading obligation requires more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  Id. at 1949 (citations and internal quotations omitted).  A complaint is not sufficient if it merely makes "naked assertions" that are devoid of "further factual enhancement."  Id.

Moseley is clearly unsatisfied with being excluded from tonight's congressional debate.  But Moseley leaves this court to guess at the legal basis for the present attempt to enjoin that debate.  It is unclear whether Moseley is claiming a legal right to participate in all debates or whether Moseley is claiming discrimination on the basis of being white, over sixty, or a trans-sexual.  It is also unclear whether Moseley takes issue with the election process in general.

Moseley is given leave to file a document titled "Amended Complaint" no later than May 31, 2010.  If Moseley chooses to file an "Amended Complaint," that document should contain "a short and plain statement of the claim showing that [Moseley] is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).

That is, any Amended Complaint should set forth in numbered paragraphs the relevant facts underlying Moseley's claims. It should then clearly identify what claims are being asserted against which Defendant. The Amended Complaint should also set forth the relief requested. Any Amended Complaint should be a complete document in itself, not incorporating by reference the present petition or combined with any motion seeking relief. If Moseley does not file an Amended Complaint by May 31, 2010, the Clerk of Court is directed to close this case.

V.      CONCLUSION.

Because Moseley has not met the standard for enjoining tonight's congressional debate, the motion to enjoin the debate, which this court construes as a motion for temporary injunctive relief, is denied.

The court also strikes Moseley's petition, but gives Moseley leave to file an "Amended Complaint" no later than May 31, 2010.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 3, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Moseley v. State of Hawaii, Office of Hawaiian Affairs, et al.; Civil No. 09-00461 SOM/KSC.; ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO RESTRAIN CONGRESSIONAL DEBATE SCHEDULED FOR TONIGHT; ORDER STRIKING "PETITION" WITH LEAVE TO FILE A DOCUMENT TITLED "AMENDED COMPLAINT"